IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY JAMES ALEXANDER, #317-602      *

          Petitioner      *

    v.      *      Civil Action No. GLR-12-1388

BOBBY P. SHEARIN, *Warden*, et al.      *

          Respondents      *
                               ***

## MEMORANDUM

Petitioner Rodney James Alexander ("Alexander") seeks habeas corpus relief pursuant to 28 U.S.C. § 2254. ECF No. 1. Respondents assert the petition is untimely and should be dismissed. ECF No. 8. Alexander has filed a Reply asserting his entitlement to an equitable tolling of the statute of limitation. ECF Nos. 14 and 15. There is no need for an evidentiary hearing. See Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 105.6 (D. Md. 2011); see also Fisher v. Lee, 215 F.3d 438, 455 (4th Cir. 2000) (petitioner not entitled to a hearing under 28 U.S.C. §2254(e)(2)).

### Background

On September 26, 2003, after a bench trial in the Circuit Court for Baltimore County, Maryland, Alexander was found guilty of first degree murder. ECF No.1 at p. 2; ECF No. 8 at Ex. 1 at pp. 5-6; Ex. 5 at p. 3. On December 18, 2003, Alexander was sentenced to life in prison. ECF No. 8 at Ex. 1 at pp. 6, 8-9; Ex. 2 at p.1. Alexander filed a direct appeal to the Court of Special Appeals of Maryland, which affirmed the conviction in an unreported opinion filed on March 8, 2005. Id. at Ex. 2. The Court of Appeals declined Alexander's request for further review of this decision on June 17, 2005. Id. at Ex. 3. Alexander did not seek further review of this determination in the Supreme Court of the United States. His conviction, therefore, became

final on September 15, 2005.  See Sup. Ct. Rule 13.1 (requiring petition for a writ of certiorari to be filed within 90 days of the judgment from which review is sought).

On March 19, 2008, Alexander filed a petition for post-conviction relief in the Circuit Court for Baltimore County.  ECF No. 8 at Ex. 1 at p. 9.  The only claims Alexander pursued involved ineffective assistance of trial counsel.  Id. at Ex 5 at pp. 4-5, 27 and Ex. 6 at pp. 1-4.  On October 8, 2010, the Circuit Court denied post-conviction relief.  Id. at Exs. 1 and 5.  Alexander, through counsel, filed an application for leave to appeal the adverse ruling of the state post-conviction court, which was denied summarily by the Court of Special Appeals in an unreported opinion filed on July 15, 2011; the court's mandate issued on August 15, 2011.  Id. at Ex. 4.

## Standard of Review

A one-year statute of limitations applies to habeas petitions in non-capital cases for a person convicted in a state court.  See 28 U.S.C. § 2244(d).  This section provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-
>
> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)   The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

"[T]he one year limitation period is also subject to equitable tolling in 'those rare instances where – due to circumstances external to the party's own conduct – it would be unconscionable to enforce the limitation against the party and gross injustice would result.'" Hill v. Braxton, 277 F.3d 701, 704 (4th Cir. 2002) citing Harris v. Hutchinson 209 F.3d 325, 330. (4th Cir. 2000). To be entitled to equitable tolling, Alexander must establish that either some wrongful conduct by Respondents contributed to his delay in filing his petition or that circumstances that were beyond his control caused the delay. See Harris, 209 F.3d at 330.

**Analysis**

The filing deadline for federal habeas relief in this case was September 15, 2006, one year from the date Alexander's conviction became final. Post-conviction proceedings[1] were not pending during the one-year period; therefore, the filing deadline was not tolled.

Alexander claims he is entitled to an equitable tolling of the filing deadline because the attorney he hired to represent him in post-conviction proceedings failed to preserve his right to file for federal habeas relief despite his repeated instruction to do so. ECF No. 14. He asserts that he and his mother paid attorney Kenneth Ravenell $50,000 to represent him in post-conviction proceedings and to preserve federal habeas corpus review. He claims Ravenell told him and his mother that his best chance at obtaining relief was through federal habeas corpus

---

[1] The petition for post-conviction relief was filed March 19, 2008, approximately one and one-half years after the filing deadline for federal habeas corpus relief expired.

3

proceedings. He states that Ravenell changed law firms without notifying him or his mother, did not return phone calls from Alexander's mother, and was very difficult to reach. Alexander alleges he sent numerous letters as well as gifts to Ravenell to remind him to preserve his federal habeas corpus rights. Alexander relies on Holland v. Florida, __ U.S. __, 130 S. Ct. 2549, 2565 (2010) to support his claim that his attorney's dereliction in handling his case is an extraordinary circumstance entitling him to equitable tolling of the statute of limitations. He further argues that his state post-conviction petition was timely filed under state law and he reasonably believed his federal habeas rights were secured until after completion of the state post-conviction process. ECF No. 14 at p. 9.

The facts of the Holland case are distinguishable in several significant respects from Alexander's case. In the Holland case the petitioner was convicted of first-degree murder and sentenced to death in Florida state court. Holland's conviction was final on October 1, 2001; 37days later, on November 7, 2001, the state of Florida appointed an attorney to represent Holland in all state and federal post-conviction proceedings. Holland, 130 S. Ct. at 2555. Appointed counsel filed a state post-conviction petition on Holland's behalf 316 days after his appointment and 12 days before the federal habeas deadline expired. Id. The state post-conviction petition remained pending for three years until mid-May 2003, when the state court denied relief. Appointed counsel appealed the denial to the Florida Supreme Court and, approximately two years later in February 2005, oral argument was heard in the case. Id. Between April 2003 and January 2006, court-appointed counsel communicated with Holland only three times by letter. Id. Holland sought counsel's removal from the case on two occasions; both requests were denied because Holland was prohibited from filing pro se pleadings in a case where counsel was appointed. When the Florida Supreme Court affirmed the

lower court's decision denying Holland relief in November 2005 and issued the mandate on December 1, 2005, the filing deadline for his federal habeas petition began to run again and expired on December 13, 2005.  Id. at 2556.  Holland's court-appointed counsel did not advise Holland of the Florida Supreme Court's decision, nor did he prepare a federal habeas petition on Holland's behalf.  Id.  Rather, Holland learned on his own, nine days after the expiration of the federal habeas filing deadline, that his appeal was denied and he prepared his own federal habeas petition to file.  Id.

      Alexander was represented at trial by Sheldon C. Mazelis, who withdrew from the case on December 11, 2007, after Kenneth Ravenell entered his appearance on Alexander's behalf on December 7, 2007.  ECF No. 8 at Ex. 1, p. 9.  Ravenell filed a petition for post-conviction relief on Alexander's behalf shortly after entering his appearance in the case, on March 19, 2008.  Id. at Ex. 5 and Ex. 6, p. 1.  As Alexander states in his response, Ravenell was privately retained; he was not appointed by the court to represent Alexander.  Thus, unlike the petitioner in Holland, Alexander was not forced to accept inadequate counsel appointed by the state.

      There is no evidence that Alexander sought to have Ravenell removed from the case or was in any manner prohibited from filing pleadings on his own.  More importantly, Ravenell's appearance was not entered on Alexander's behalf until after the federal habeas deadline had expired.  The letters from Ravenell to trial counsel that Alexander submits as exhibits do not establish that Ravenell abandoned Alexander as a client.  ECF No. 14 at p. 15.  Rather, he simply states that he is working in New York on a trial.  The letterhead on which the letter is written indicates that Ravenell's firm has two offices.  The content of the letter does not make any representations regarding the filing of a federal habeas petition.  Alexander has not produced any

evidence to support his allegation that Ravenell was ever in a position to preserve his federal habeas rights.  Thus, the rationale applied in the Holland case does not apply here.

Alexander appears to make an argument that enforcement of the filing deadline in his case would result in a gross injustice, arguing the merits of his claims that trial counsel was ineffective and that his conviction for first degree murder was improper given evidence of self-defense.  ECF No. 14 and 15.  Upon review of the Maryland Court of Special Appeals' decision on Alexander's direct appeal of his conviction (ECF No. 8 at Ex. 2), this Court is satisfied that no injustice results from the dismissal of the instant petition as untimely.

When a district court dismisses a habeas petition solely on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  Rouse v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting Slack v. Daniel, 529 U.S. 473, 484 (2000)).  A certificate of appealability shall be denied and the petition dismissed as untimely by separate Order which follows.

October 12, 2012

/s/
_____
George L. Russell, III
United States District Judge